THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES MORRIALE, Appellant, against VERNON C. BRANHAM, as Superintendent of Woodbourne Institution for Defective Delinquents, Respondent.

Reargued February 21, 1944; decided February 24, 1944.

*Caesar B. F. Barra* and *Ralph J. Barra* for appellant. I. The Court of Appeals did not misapprehend the law. (*Grimmer* v. *Tenement House Department of N. Y.*, 205 N. Y. 549; *Matter of Naylor*, 284 N. Y. 188.) II. The respondent misapprehended the law on temporary and provisional commitments. (*Sporza* v. *German Savings Bank*, 192 N. Y. 8; *Matter of Cornell*, 111 Vt. 525.) III. Relator's writ and petition as finally submitted to the Special Term attacked only the legality of the commitment of the County Court.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd* and *A. W. Feinberg* of counsel), for respondent. I. The court should follow the administrative interpretation of the statute. (Reports of Attorney-General (1932) 311; *People ex rel. Werner* v. *Prendergast*, 206 N. Y. 405; *Martorano* v. *Capital Finance Corp.*, 289 N. Y. 21; *Matter of Dowdell*, 169 Mass. 387; *Matter of Andrews*, 179 Misc. 876; *United States* v. *G. Falk & Brother*, 204 U. S. 143; *Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *Matter of Cole*, 235 N. Y. 48.) II. A statute which provides for the retention in a hospital of an insane or a mentally defective person whose term of imprisonment for crime (especially a crime of violence) has expired, should be construed to allow retention in the first instance of all persons certified by disinterested examiners on a judge's *ex parte* order, so long as the constitutional guarantees of hearing and trial are available on habeas corpus. (*People* v. *Henriques & Co.*, 267 N. Y. 398; *Hovey* v. *Elliott*, 167 U. S. 409; *People ex rel. Barone* v. *Fox*, 202 N. Y. 616; *People ex rel. Ordway* v. *St. Saviour's Sanitar-*

*ium,* 34 App. Div. 363; *Bumpus* v. *French,* 179 Mass. 131; *Matter of Le Donne,* 173 Mass. 550; *Sporza* v. *German Savings Bank,* 192 N. Y. 8; *People ex rel. Peabody* v. *Chanler,* 133 App. Div. 159, 196 N. Y. 525.) III. The court, having jurisdiction of the relator in a habeas corpus proceeding, should not discharge him from a mental institution without proof of his normal mentality. (*Matter of Blewitt,* 131 N. Y. 541; *Gridley* v. *College of St. Francis Xavier,* 137 N. Y. 327; *Matter of Tracy,* 1 Paige 580; *Southern Tier Masonic Relief Assn.* v. *Laudenbach,* 5 N. Y. S. 901; *People* v. *Burns,* 77 Hun 92, 143 N. Y. 665; *People ex rel. Morrell* v. *Dold,* 189 N. Y. 546; *Sporza* v. *German Savings Bank,* 192 N. Y. 8; *People ex rel. Woodbury* v. *Hendrick,* 215 N. Y. 339; *People ex rel. Romano* v. *Thayer,* 229 App. Div. 687; *People ex rel. Gaudino* v. *Superintendent of Institution for Male Defective Delinquents, Napanoch, N. Y.,* 263 App. Div. 1042; *Matter of Shuttleworth,* 9 Q. B. 651.)

*Per Curiam:* Upon reargument the court finds no reason to modify its decision that the order of the Appellate Division should be reversed and that of Special Term affirmed. The parties by stipulation defined the questions of law which " it is understood * * * are involved in this proceeding ". The question whether a person detained as insane without a valid judicial determination of insanity should be discharged without inquiry whether in fact the person is insane, was not presented at Special Term and may not be considered upon this appeal.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.