The People of the State of New York ex rel. George Conklin, Appellant, against Blakely R. Webster, as Superintendent of Dannemora State Hospital, Respondent.

Third Department, March 8, 1944.

*George Conklin* in person.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Patrick H. Clune* and *Robert C. Booth, Assistant Attorneys-General,* of counsel), for respondent.

HILL, P. J. Relator is in custody at the Dannemora State Hospital as an insane person, committed on January 28, 1937, by the then County Judge of Clinton County. He appeals from an order made by the Judge of the same court, dated January 25, 1943, dismissing a writ of habeas corpus issued to inquire into the cause of his detention. He was convicted in 1932 of an attempt to commit burglary, imprisoned in a State prison until January, 1937, when he was committed to the State hospital under section 384 of the Correction Law. From the return herein it appears that on eleven previous occasions relator obtained writs of habeas corpus, and as to each it is stated " writ dismissed following hearing." Apparently no record was made of any of the proceedings, and the decisions were reached following, as in the present case, a recital by the hospital authorities, in substance, that relator was mentally ill and continued to need treatment in the institution.

At the time of the original commitment notice to relator was not required, the then County Judge reciting that it "would serve no useful purpose ". The petition by the superintendent of the hospital recited symptoms which he construed as indicating insanity: " During his stay in this hospital he has impressed his various ward doctors as being a strange individual. Though he is well oriented and displays a good memory, he is relatively inadequate in his reactions and at times

peculiar in his remarks. For instance he has recently stated when questioned as to why he is idle in his ward, that he is a Sabbatarian and cannot work on Saturdays, as Saturday is his Sabbath, though he is not of the Jewish faith. Again he has stated that he does not work because he has found out that those who work the least in State Hospitals do better and are discharged sooner. When interviewed he sits with a rather silly smile on his face although his answers are given in a coherent manner. He expresses some insight into his condition on admission, but this is not complete. It is felt that Conklin is still mentally ill and that he should be continued under observation as a patient in this hospital.''

Upon such grounds relator has been held seven years after he had served his sentence. He has a right to have the question of his sanity '' inquired into and determined '' (*People ex rel. Morriale* v. *Branham,* 291 N. Y. 312, original decision adhered to on reargument 292 N. Y. 127; Mental Hygiene Law, § 204; Civ. Prac. Act, § 1259). The issue should be tried expeditiously; the court may submit the question to a jury (*People ex rel. Woodbury* v. *Hendrick,* 215 N. Y. 339), and there is eminent authority that there is a constitutional right to have the issue of sanity determined by a jury. (*Sporza* v. *German Savings Bank,* 192 N. Y. 8, 20, 35.)

Bliss and Schenck, JJ., concur; Heffernan, J., dissents.

Order dismissing writ reversed, on the law, and writ sustained and relator discharged, without prejudice to a new proceeding on notice to relator to determine as to his sanity.