■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP DINITZ, Appellant, v JAMES HUNTER, Respondent.—In a habeas corpus proceeding, the petitioner appeals (1) from a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated June 23, 1986, which dismissed the writ, and (2) from an order of the same court, dated July 7, 1986, as resettled November 5, 1986, which denied his motion for reargument.

Ordered that the appeal from the order dated July 7, 1986, as resettled November 5, 1986, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, formerly an attorney admitted to practice in this State until his disbarment in 1965 (see, *Matter of Dinitz,* 23 AD2d 799), was convicted of felony charges in 1970 and sentenced in 1971 to a term of imprisonment not to exceed three years. He remained free on bail pending appeal, and in April 1973 this court affirmed his conviction and remitted the matter to the Supreme Court, Kings County, "for proceedings to direct [the] defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5)" (*People v Dinitz,* 41 AD2d 854, 855). The People thereafter moved to direct the petitioner to

surrender, and although the petitioner now claims that he had no notice of these proceedings, the record clearly indicates that he did. Indeed, at the June 13, 1973 hearing on the motion, at which time the petitioner was scheduled to surrender, he sought and was granted an adjournment. Five days later, the petitioner's application for permission to appeal to the Court of Appeals was denied. On June 22, 1973, the final adjourned date of the motion, the order directing the petitioner to surrender himself was signed. Because the petitioner failed to appear in court, however, sentence could not be executed. The petitioner's bail was forfeited, but no bench warrant was issued.

Some 12 years later in November 1985 the petitioner was arrested in Florida for crimes committed in that State, and a bench warrant was then issued by the Supreme Court, Kings County. After pleading *nolo contendere* to the Florida charges, the petitioner was returned to New York for execution of his prior sentence. At his hearing, the petitioner sought a writ of habeas corpus, claiming that his imprisonment was barred either by the Statute of Limitations, or, alternatively, because execution of his sentence had been "unduly delayed over an unreasonable period of time through no fault of [the] petitioner". The writ was dismissed. On appeal, the petitioner raises a plethora of contentions, but only his claims that the People failed to comply with the notice requirements of CPL 460.50 (5) and that his due process rights were violated by the delay in the execution of the sentence warrant any discussion.

As noted previously, the petitioner's claim that he never received notice to surrender himself is belied by the record. Moreover, the notice period was well in excess of the period of "at least two days" required by statute (*see*, CPL 460.50 [5]).

With respect to the petitioner's due process claims, even assuming that the People contributed to the considerable delay in the execution of the sentence by making less than diligent efforts to apprehend the petitioner after he knowingly failed to surrender himself, it was only the petitioner's willful failure to appear in court that prevented his sentence from being executed on the scheduled date. The People complied with their obligation to "promptly direct the defendant to surrender himself" following the affirmance of his conviction (*see*, CPL 460.50 [5]), and we are unprepared to hold that the law imposes a further duty upon the People to make efforts to apprehend a sentenced defendant out on bail who fails to surrender when duly notified to do so. In short, because the delay in the execution of the sentence can be ascribed to the

petitioner's own conduct, the period of delay is excusable and does not require the petitioner's discharge *(cf., People v Drake,* 61 NY2d 359, 365-367; *Matter of Weinstein v Haft,* 60 NY2d 625).

Finally, we note that most of the issues raised by the petitioner on appeal were neither presented in his petition nor raised in any manner before the Supreme Court, Kings County, thus precluding our review at this juncture as a matter of law *(see, People ex rel. Morriale v Branham,* 292 NY 127; *People ex rel. Vanderburgh v Coombe,* 102 AD2d 951). Mollen, P. J., Brown, Lawrence and Rubin, JJ., concur.