■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN MILLER, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Joan Carey, J.), rendered May 16, 1983, convicting defendant upon his plea of guilty to the crime of sexual abuse in the first degree and imposing sentence to an indeterminate term not to exceed five years nunc pro tunc from August 1977 is held in abeyance, and the matter remanded for a hearing.

On October 20, 1971, defendant pleaded guilty to the crime of sexual abuse in the first degree (Penal Law § 130.65). On February 10, 1972, after one adjournment, defendant appeared at court for sentencing, but prior to a second call of the case

defendant absconded and a bench warrant issued. On May 16, 1983, more than 11 years later and after his arrest on an unrelated charge, he was finally produced before Justice Carey for sentencing on the 1971 plea.

Prior to sentence, defendant, his trial counsel and the People struck a bargain that defendant would be sentenced to an indeterminate five-year term, and, inasmuch as the sentence would run nunc pro tunc from August 1977, no additional jail time would be served by him. During the sentencing proceedings defendant, on his own behalf, reminded the court that 12 years had elapsed since his conviction and, further, that the People had known of his whereabouts since 1977 when he had been arrested in Massachusetts, and thereafter sentenced to a 10- to 12-year prison term for rape. Defendant has adduced documentation before us that in 1977 the New York County District Attorney's office responded to inquiries from the Boston, Massachusetts prosecutor's office regarding delivery of defendant to the New York authorities at the expiration of his Massachusetts incarceration. Although no jurisdictional objection was raised by his counsel, defendant's own statement was sufficient to put the court on notice that a serious challenge to the continued jurisdiction of the court was effectively interposed.

After conviction in a criminal case, the defendant must be sentenced "without unreasonable delay." (CPL 380.30 [1].) A long and unexplained delay in sentencing may, in certain circumstances, deprive the sentencing court of jurisdiction. For example, when defendant has been available for sentencing and the People furnish no explanation for a three-year delay between conviction and sentence, the sentencing court will lose jurisdiction even without a showing of prejudice "if the delay is the result of judicial or prosecutorial negligence or mistake" (People v Drake, 61 NY2d 359, 366; People ex rel. Harty v Fay, 10 NY2d 374).

To be sure, a delay—even a lengthy one—that is brought about solely by a defendant's flight will not divest the court of jurisdiction, but it will have that effect where the People have failed to make a diligent effort to proceed against the absconder (Matter of Root v Kapelman, 67 AD2d 131, 137; People v Monaghan, 34 AD2d 815). We are thus presented in this case with a substantial factual issue as to whether the cause for the delay can be attributed to prosecutorial mismanagement or defendant's own conduct. This issue can only be resolved at a hearing where the underlying facts can be

developed and evaluated *(People v McLaurin,* 38 NY2d 123, 126).

We cannot overlook the issue simply because defendant was sentenced nunc pro tunc and will not serve any prison time if this sentence is sustained. As we have noted, our settled jurisprudence presumes prejudice if unreasonable and unexplained delay is established. Furthermore, defendant in this case may in fact be prejudiced if the judgment is sustained, since it would constitute a predicate conviction were he subsequently to be convicted of another felony. While we recognize that a disposition which prolongs this already long-delayed case is undesirable, nevertheless a hearing is unavoidable under these circumstances.

We have examined the other points raised by defendant and find them to be without merit. Concur—Sullivan, Ross, Milonas and Wallach, JJ.

Kupferman, J. P., dissents in a memorandum as follows: Once again the criminal justice system has placed upon it an unnecessary burden.*

In 1971, the defendant pleaded guilty to the crime of sexual abuse in the first degree. He already at that time had a record going back many years, including a number of arrests for sexual crimes, and, among others, a conviction for attempted rape in the first degree in 1960. He was receiving psychiatric treatment in a hospital and was permitted to remain free on bail provided he returned to the hospital. On the day of sentencing, he appeared with counsel but then absconded.

He was later arrested in Boston and incarcerated in Massachusetts. New York State knew where he was incarcerated as of 1977 but did nothing to bring him back for sentencing. In 1982, after being arrested on unrelated charges, he was returned for sentencing, and in 1983 he was sentenced on the 1971 conviction to an indeterminate term of 0 to 5 years, nunc pro tunc, which means that the sentence had already expired at the time it was pronounced.

Suffice it to say that merely elucidating the facts answers itself.

---

* *See, People v Hockett,* 128 AD2d 393, 394 (dissent).