■ The People of the State of New York, Appellant, v

MICHAEL HEADLEY, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated March 3, 1987, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the motion is denied, the indictment and guilty plea are reinstated and the matter is remitted to the Supreme Court, Queens County, for pronouncement of sentence.

In August 1976, the defendant pleaded guilty to robbery in the third degree. Released upon a $100 cash bail, the defendant failed to appear for sentencing and in November 1976 a bench warrant was issued and his bail was forfeited. It was not until January 20, 1987, that the defendant was returned on the warrant. Urging that the more than 10-year delay between plea and sentence was unreasonable, and that the People's failure to exercise "due diligence" to locate him rendered the delay inexcusable, the defendant successfully moved to dismiss the indictment on the ground that the court had lost jurisdiction to sentence him (cf., People v Drake, 61 NY2d 359; CPL 380.30 [1]). The defendant's motion should have been denied.

Where the delay between adjudication of guilt and pronouncement of sentence "is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable" (People v Drake, supra, at 366), even where the delay is lengthy (cf., People v Miller, 130 AD2d 449). We decline to impose upon the People a duty to make efforts to apprehend an absconding defendant so as to avoid a loss of jurisdiction (cf., People ex rel. Dinitz v Hunter, 130 AD2d 533). Neither our prior holding in People v Monaghan (34 AD2d 815) nor the recent holding of the First Department in People v Miller (supra), is to the contrary. In both of those cases, the People were notified by out-of-State law enforcement authorities that the defendant was incarcerated elsewhere, thus triggering a duty to diligently proceed against the already located defendant. The record here is devoid of any evidence that, until return of the warrant in January 1987, the People were actually aware of the whereabouts of the defendant. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.