■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DAVIDSON, Appellant.—

On April 19, 1975, after having spent the previous night with Lucille Dixon, defendant went in search of her at her daughter Shirlene's apartment. Defendant found Lucille and her daughter in the apartment along with James Riddick. When Shirlene would not allow her mother to leave with defendant, he produced a revolver and shot Shirlene in the head, instantly killing her. Mr. Riddick ran from the apartment and heard another shot. Upon the arrival of the police, Lucille and her daughter were both found dead from bullet wounds to the head. Four days later, defendant voluntarily surrendered himself. Defendant maintained that Shirlene accidentally killed her mother and that when defendant struggled to get the gun from Shirlene, he killed her.

Defendant was indicted for two counts of murder in the second degree and two criminal weapon possession counts. In full satisfaction of the indictment, defendant pleaded guilty to a single count of manslaughter in the first degree for the killing of Shirlene Dixon. Defendant was promised an indeterminate sentence of from 6 to 18 years.

Pending sentencing, defendant's bail status was continued. Defendant absconded and 12 years later was involuntarily returned on an outstanding warrant. The police never knew where defendant was during his flight from justice.

On June 8, 1988, defendant was sentenced as promised in his original plea negotiation. Defendant maintains that the 12

years between plea and sentence have operated to deprive the court of jurisdiction.

Since, by his own actions, defendant caused the delay in sentencing *(see, People v Drake,* 61 NY2d 359, 366), and since the People had no actual knowledge of defendant's location during the 12 years *(cf., People v Miller,* 130 AD2d 449), the People had no duty "to make efforts to apprehend [the] absconding defendant so as to avoid a loss of jurisdiction". *(People v Headley,* 134 AD2d 519, *appeal dismissed* 72 NY2d 931.)

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.