■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TORRES, Appellant.—Judgment, Supreme Court, New York County (E. Leo Milonas, J., at plea; George Roberts, J., at sentence), rendered January 30, 1987, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him to an indeterminate prison term of from 3 to 9 years, unanimously affirmed.

On February 28, 1977, defendant pleaded guilty to the charge of assault in the first degree in satisfaction of N.Y. County Indictment No. 5047/76. On April 11, 1977, defendant pleaded guilty to the charge of assault in the second degree in satisfaction of Kings County Indictment No. 1462/76. Defendant failed to appear for sentencing on the respective return

dates and bench warrants issued. On January 15, 1985, defendant was returned on the Kings County indictment and on February 26, 1985, he was sentenced to an indeterminate term of 2 to 6 years imprisonment. The New York County District Attorney did not become aware of defendant's return and sentencing until August of 1986, and promptly moved to have him produced for sentencing in New York County. Defendant moved, *pro se,* to dismiss the indictment upon the grounds that the State had failed to sentence him in a reasonably prompt manner. This motion was denied by Justice Roberts on September 12, 1986 and defendant was thereafter sentenced as indicated.

Defendant claims the New York County indictment should be dismissed because the ten year delay between plea and sentence divested the sentencing court of jurisdiction. We find otherwise. Where a defendant absconds and the authorities in the county in which an indictment is pending have no knowledge or notice of the defendant's whereabouts, the delay in sentencing is not chargeable to the People *(see, People v Battles,* 150 AD2d 785; *see also, People v Davidson,* 158 AD2d 317, *lv denied* 75 NY2d 965). Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.