[632 NYS2d 123]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ALEJANDRO REYES, Appellant.

First Department, October 17, 1995

APPEARANCES OF COUNSEL

*David Crow* of counsel, New York City *(Philip L. Weinstein,* attorney), for appellant.

*Nancy Scanlon* of counsel, New York City *(James P. Kane* and *Patrick J. Hynes* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

**OPINION OF THE COURT**

Williams, J.

The question on this appeal is whether CPL 380.30 (1), as interpreted by *People v Drake* (61 NY2d 359) and related cases, imposes a duty on the prosecution to proceed with due diligence in bringing a defendant in for sentencing, when he absconds after entering a guilty plea, and defendant's location is allegedly known to the People during the three years he remains at liberty.

Defendant pleaded guilty on October 11, 1989 to criminal sale of a controlled substance in the first degree, a class A-I felony, for selling two ounces of cocaine to an undercover officer. Pending sentence, defendant was released on his own recognizance in consideration for his agreement to act as an informant as to other drug dealers. If the information proved useful, the District Attorney promised that defendant would be allowed a substituted plea to criminal sale of a controlled substance in the second degree, a class A-II felony, and the District Attorney would recommend a sentence of five years to life instead of the 15 years to life he would receive otherwise. Defendant stated on the record that he would be living with

his sister in Queens and provided an address and telephone number.

Defendant failed to appear in court on October 24, 1989 for the scheduled progress report, and also did not appear on two subsequent adjourn dates. A bench warrant was issued for his arrest on November 2, 1989. He was arrested on the warrant on June 11, 1992, and after several adjournments, was sentenced on October 2, 1992. Prior to sentencing, defendant filed a *pro se* motion to dismiss the indictment pursuant to CPL 380.30 (1), alleging that the cooperation agreement fell through and that the police never attempted to contact him at his sister's home.

CPL 380.30 (1) states simply: "Sentence must be pronounced without unreasonable delay".

In *People v Drake (supra),* the Court of Appeals held that the People's failure to comply with CPL 380.30 (1) would result in a loss of jurisdiction over the defendant and dismissal of the accusatory instrument where the unreasonable delay is the result of judicial or prosecutorial negligence or mistake. Delay, however, is excusable when caused by legal proceedings and other conduct of the defendant which frustrates entry of judgment. When there has been an extended delay and there are plausible reasons for it, the various factors involved must be balanced. Whether delay is unreasonable is dependent on the length of and the reasons for the delay, with the latter factor being the more critical. In New York, it is assumed that the defendant has been prejudiced by unreasonable delay, and he is not required to take affirmative measures or demand that the court sentence him. The burden to proceed rests solely with the State and its agents *(supra,* at 366-367).

Other decisions have held that a court did not lose jurisdiction to sentence a defendant who absconded *(Matter of Root v Kapelman,* 67 AD2d 131, *lv denied* 47 NY2d 706); that where delay is due to an absconding defendant, the People are not required to make efforts to apprehend him to avoid a loss of jurisdiction *(People v Davidson,* 158 AD2d 317, 318, *lv denied* 75 NY2d 965); that while there is a duty to diligently proceed against a defendant whose location is known, the People should not be burdened with a duty to attempt to apprehend an absconding defendant, so as to avoid losing jurisdiction *(People v Headley,* 134 AD2d 519, *appeal dismissed* 72 NY2d 931); and that "a delay—even a lengthy one—that is brought

about solely by a defendant's flight will not divest the court of jurisdiction, but it will have that effect where the People have failed to make a diligent effort to proceed against the absconder [citations omitted]" *(People v Miller,* 130 AD2d 449, 450).

The question at issue here is one of first impression and we hold that the delay was excusable inasmuch as it was caused by defendant's conduct in absconding, which frustrated entry of judgment *(People v Drake, supra,* at 366; *People v Davidson, supra; People v Headley, supra; People ex rel. Dinitz v Hunter,* 130 AD2d 533, 534-535). We reject the notion, argued by defendant, that there was prosecutorial negligence or mistake here where prosecutors allegedly "knew" where he was by virtue of his statement on the record and failed to exercise due diligence in returning him to court.

In the context of CPL 380.30 (1) cases, "knowledge" of an absconded defendant's whereabouts has been effectively equated with incarceration, and the People have been held to have a duty to exercise due diligence where they knew or should have known the defendant was incarcerated *(see, People v Headley,* 134 AD2d 519, 520, *supra; People v Miller,* 130 AD2d 449, *supra; People v Montana,* NYLJ, Feb. 8, 1994, at 26, cols 3-4; *People v Nasbit,* 136 Misc 2d 605, 608). The rationale is that the People are obligated to act under such circumstances, despite the conduct of the defendant, since the burden to proceed is theirs; that they can produce the incarcerated defendant with little effort; and that defendant is incapable of appearing in court by his own effort.

On the other hand, where an absconded defendant is not incarcerated, due diligence has not been required of the People *(see, People v Davidson,* 158 AD2d 317, *supra; People v Headley, supra; People v Nasbit, supra,* at 608-609).

We decline to follow the line of reasoning urged which would analogize CPL 380.30 (1) to CPL 30.30 (4) (c), the speedy trial provision, and require that the People exercise due diligence whenever there is an outstanding bench warrant regardless whether defendant's whereabouts are known *(see, People v Bolden,* 81 NY2d 146). Unlike the issue of speedy trial, there is no statutory or other requirement of due diligence here and we agree with the Second Department that the People should not be so burdened in this context *(People v Headley, supra).*

Moreover, the record reveals that defendant, in fact, was

arrested on the bench warrant as a result of diligent police work. Upon receiving information as to defendant's whereabouts, an officer who participated in defendant's arrest on the drug charges picked him up on the warrant. Under the circumstances, the delay in this case was the result of defendant's absconding and was excusable, not unreasonable.

Finally, this Court is disinclined to be party to defendant's bootstrapping himself out of an A-I conviction by taking advantage of a provision of his plea bargain agreement to willfully violate the agreement, then boldly seeking to take advantage of his violation by using the resulting delay as grounds for dismissal.

Accordingly, the judgment of Supreme Court, New York County (Leslie Crocker Snyder, J., at plea and sentencing), rendered October 2, 1992, convicting defendant, upon his plea of guilty, of the crime of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]), and sentencing him to a term of 15 years to life, is unanimously affirmed.

SULLIVAN, J. P., ROSENBERGER, KUPFERMAN and ROSS, JJ., concur.

Judgment, Supreme Court, New York County, rendered October 2, 1992, affirmed.