■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CURTIS McNEIL, Respondent. [655 NYS2d 1009] —Appeal by the People (1) from an order of the Supreme Court, Queens County (Chetta, J.), dated July 26, 1996, which granted the defendant's motion pursuant to CPL 380.30 (1) to dismiss the indictment, and, (2) as limited by their brief, from so much of an order of the same court, dated August 22, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 26, 1996, is dismissed, as that order was superseded by the order dated August 22, 1996, made upon reargument; and it is further,

Ordered that the order dated August 22, 1996, is reversed, the order dated July 26, 1996, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

In November 1986 the defendant pleaded guilty to attempted robbery in the second degree in satisfaction of an indictment charging him, inter alia, with robbery in the first degree. The defendant failed to appear for sentencing and left the jurisdiction. After serving in the armed forces for a period of time, the defendant, acting under various aliases, was arrested on several occasions in Connecticut. There is no indication that New York authorities were aware of these out-of-State arrests.

From September 1992 to April 10, 1996, the defendant was incarcerated in a Federal prison in Pennsylvania. In early April 1996, the Queens District Attorney's office was advised of the defendant's impending release, and began making arrangements to extradite the defendant to New York. The defendant

waived extradition and was returned to New York, where he moved to dismiss the subject indictment on speedy sentence grounds *(see,* CPL 380.30 [1]; *People v Drake,* 61 NY2d 359; *People v Reyes,* 214 AD2d 233).

The Supreme Court erred in granting the defendant's motion without conducting a hearing to determine whether the New York authorities were actually aware of the defendant's incarceration in Pennsylvania. The court's decision to grant the motion was based on hearsay evidence. Specifically, the court relied on an Assistant District Attorney's account of his telephone conversation with a Federal prison employee who stated that according to the defendant's prison file, Federal prison officials advised the New York City Police Department in 1992 of the defendant's incarceration in Pennsylvania. The evidence submitted by the prosecution casts doubt on whether the New York City Police Department actually received such notice. It was therefore error to dismiss the indictment without holding a hearing to resolve this factual dispute *(see, People v Miller,* 130 AD2d 449; *see also, People v Sigismundi,* 89 NY2d 587). If the New York authorities were not actually aware of the defendant's incarceration, then the motion should be denied *(see, People v Davidson,* 158 AD2d 317; *People v Battles,* 150 AD2d 785; *People v Headley,* 134 AD2d 519). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.