■ In the Matter of WILLIAM J. O'HARA, a Suspended Attorney. [684 NYS2d 781] —Motion granted, order of suspension vacated, and respondent reinstated as an attorney and counselor-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Sullivan, J. P., Rosenberger, Nardelli, Lerner and Andrias, JJ.

■ In the Matter of STEVEN S. EZON (Admitted as STEVEN SAMUEL EZON), a Reinstated Attorney. [684 NYS2d 781] —Motion granted to the extent of modifying the order of this Court entered on January 20, 1998 (246 AD2d 432), and substituting for the ultimate sentence thereof, the following: "Petitioner is further directed to complete 24 credit hours of accredited continuing legal education courses and to submit proof thereof to respondent." Petitioner's time to comply with the aforestated requirement is enlarged to within six months from the date of entry hereof. No opinion. Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Mazzarelli, JJ.

(March 9, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROLAND REED, Respondent. [684 NYS2d 785] —Order, Supreme Court, New York County (Jay Gold, J.), entered on or about June 11, 1997, which vacated defendant's guilty plea entered November 21, 1994 and dismissed the superior court information against him, unanimously affirmed.

The record is sufficient to support the court's dismissal of the superior court information (*People v Drake,* 61 NY2d 359; *People v Reyes,* 214 AD2d 233, *lv denied* 87 NY2d 850). We note, however, that there was no basis for the court to grant its dismissal on the alternative ground of the interest of justice. Concur—Ellerin, P. J., Williams, Tom and Wallach, JJ.