■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ATKINS, Also Known as WALTER LOGAN, Appellant. [772 NYS2d 306]—

Judgments, Supreme Court, New York County (Micki Scherer, J.), rendered June 19, 2002, convicting defendant, on his pleas of guilty, of criminal possession of a controlled substance in the fifth degree and bail jumping in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 3 to 6 years and 1½ to 3 years, respectively, unanimously affirmed.

The court properly denied defendant's motions to dismiss the indictments made on the grounds of excessive delay in sentencing and denial of his constitutional right to a speedy trial. On August 2, 2000, defendant pleaded guilty on the controlled substance indictment. On September 13, 2000, he did not appear for sentencing and a warrant was issued for his arrest. On March 2, 2001, defendant was arrested on a new charge in the Bronx, where he gave a different first name. While the People and the court noted that defendant had an outstanding warrant against him, the court was unable to obtain a copy at that time. Defendant was granted bail and the case was adjourned until March 8, 2001 and then March 13, 2001. Defendant, who had posted bail, failed to appear on either date, although the People were prepared to lodge the warrant had he appeared. On April 15, 2002, defendant was arrested on yet another charge and returned on the original warrant. He was then indicted for bail

jumping because he failed to appear for sentencing on September 13, 2000, or within 30 days thereafter.

Since the delay in sentencing and the accompanying delay in prosecuting defendant for bail jumping were almost entirely because defendant absconded in 2000, and then again in 2001, the People did not violate his right to be sentenced on the drug indictment without unreasonable delay (*see People v Reyes*, 214 AD2d 233 [1995], *lv denied* 87 NY2d 850 [1995]), nor did the People violate defendant's speedy trial rights on the bail jumping charge (*see People v Taranovich*, 37 NY2d 442, 445 [1975]). Had defendant appeared as required on March 8, 2001 or March 13, 2001, the People were prepared to lodge the warrant against him. He failed to return to court as required and all but the delay between March 2 and March 8, 2001 is attributable to him.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.