People v Smith (2004 NY Slip Op 50335(U))

[*1]

People v Smith

2004 NY Slip Op 50335(U)

Decided on April 22, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 22, 2004

Supreme Court, New York County
 THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff,
against
TROY SMITH, a/k/a MARK SMITH, Defendant.
SCI.# 1139/97

Laura A. Ward, J.
 On February 25, 1997, the defendant pleaded guilty to Attempted Criminal Possession of a Controlled Substance in the Third Degree (Penal Law §§ 110/220.16), and was promised a sentence of probation. The defendant failed to return to this court on April 9, 1997, for sentencing. A warrant was issued for his arrest. The defendant was returned to this court on October 8, 2003. The defendant moves to dismiss the indictment pursuant to Criminal Procedure Law § 380.10(1), which provides that "[s]entence must be pronounced without unreasonable delay." The defendant asserts that the six and one half year delay in sentencing him is unreasonable.
The defendant alleges that, when he was arrested on this charge the police, despite telling the defendant that they knew his real name was Troy Evans, initially recorded his name as Troy Smith. The names Troy Smith and Troy Evans appear on the defendant criminal history report. (People's Response, Exhibit 1) The defendant asserts that he gave the police his true Social Security Number. The defendant states that on August 16, 1997, he was arrested in Cape May, New Jersey under the name Troy Evans and that he provided the authorities in Cape May with the same Social Security number he had given the New York authorities. The defendant was sentenced to four years incarceration on the Cape May case. The defendant also alleges that
[w]hile in Cape May County, after conferring with a prison social worker, Mr. Evans wrote to the New York City Department of Corrections, and the New York County District Attorney's Office, advising these agencies that he had an outstanding warrant and requesting extradition. He did so again in 1998 while incarcerated in Red Bank, New Jersey. During an interview with his parole officer, Mr. James Murphy, in 2000, Mr. Murphy told Mr. Evans that he had no outstanding warrants.
(Defendant's Motion p.3)
The People assert that they first learned of the defendant's incarceration on September 5, 2003, and that he was scheduled for release on September 9, 2003. The People filed a detainer on September 9, 2003. The defendant was returned to New York on October 7, 2003. The People have attached to their response, as Exhibit 3, a document entitled "New York [*2]City Police Department Warrant Investigative Data" which sets forth information about the warrant for defendant's arrest ordered on April 9, 1997. This document indicates that the warrant was active from the date it was ordered until October 7, 2003.
In People ex.rel.Harty v. Fay, 10 NY2d 374, 379 (1961), the Court of Appeals ruled that "extremely long and unexplained delays" in sentencing results in the trial court's loss of jurisdiction over the defendant.
In People v. Drake, 61 NY2d 359, 366 (1994), the Court of Appeals stated that while unreasonably long delays in sentencing will cause a court to lose jurisdiction, it is only unexcusable delays that will result in loss of jurisdiction. In People v. Reyes, 214 AD2d 233 (1st Dept., 1995), appeal denied 87 NY2d 850 (1995) the Court held that a delay in sentencing, resulting from a defendant's failure to return to court for sentencing, is excusable. However, in those cases where the defendant is incarcerated, the prosecution is required to exercise due diligence to return the defendant to court only where they knew, or should have known, that the defendant was incarcerated. If the defendant has absconded, and his location is not known, the People are under no obligation to pursue the defendant. (at p. 236) ( see: People v. Chase, 306 AD2d 167 (1st Dept. 2003), appeal denied 100 NY2d 619 (2003); People v. McNeil, 237 AD2d 622 (2nd Dept. 1997), appeal denied 89 NY2d 1097 (1997); People v. Davidson, 158 AD2d 317 (1st Dept. 1990), appeal denied, 75 NY2d 965 (1990); People v. Headley, 134 AD2d 519 (2nd Dept., 1987), appeal dismissed 72 NY2d 931 (1998))
The defendant has failed to set forth any evidence in support of his contention that the prosecution knew or should have known that he was incarcerated in New Jersey. ( People v. McQuilken, 249 AD2d 35 (1st Dept. 1998) appeal denied, 92 NY2d 901 (1998)) The defendant has not submitted an affidavit from either the prison social worker in Cape May County or James Murphy, his parole officer, nor has the defendant submitted his own affidavit in support of his motion. The defendant's motion is based solely on conclusory allegations and therefore fails to contradict the People's claim that they did not know that he had been incarcerated in New Jersey until they were notified on September 5, 2003.
Therefore, in view of the fact that there is no evidence to suggest that the People knew or should have known the defendant's location, they were under no obligation to exercise due diligence to locate the defendant. Thus, the fact that the People knew the defendant's correct name and social security number, which he used when arrested in New Jersey, is irrelevant.
The defendant's motion is denied.
The foregoing is the decision and order of the court.
Dated: New York, New York
[*3]
April 22, 2004
 Laura A. Ward
 Acting Justice Supreme Court
Decision Date: April 22, 2004