People v Murphy (2023 NY Slip Op 01923)

People v Murphy

2023 NY Slip Op 01923

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

113090
[*1]The People of the State of New York, Respondent,
v
Kareem Murphy, Appellant.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered July 30, 2021 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant was indicted and charged in April 2019 with one count of robbery in the first degree, two counts of robbery in the second degree and one count of assault in the second degree. The charges stemmed from an incident wherein defendant and his codefendants pushed the victim to the ground and stole his wallet, during the course of which one of the codefendants cut the victim with a razor. In full satisfaction of that indictment, defendant was afforded the opportunity to plead guilty to assault in the second degree with the understanding that he would be sentenced — as a persistent violent felony offender — to a prison term of 12 years to life, which was the minimum sentence that could be imposed for such offender (see Penal Law §§ 70.02 [1] [c]; 70.08 [2], [3] [c]; 120.05 [2]).[FN1] The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing until September 27, 2019. At the request of defense counsel, sentencing subsequently was adjourned until October 2, 2019.
In the interim, on or about September 24, 2019, defendant filed a CPL article 440 motion seeking, among other things, to vacate his 1995 and 2009 violent felony convictions. County Court (Carter, J.) adjourned the sentencing proceeding pending resolution of the motion, to which defendant indicated that he had no objection. In January 2020, after the parties' respective motion papers were submitted, the matter was transferred to Supreme Court (Breslin, J.) and, in May 2020, Supreme Court granted defendant an evidentiary hearing. The matter was reassigned again in March 2021 to Supreme Court (McDonough, J.), and the requested hearing was held in May 2021. In July 2021, Supreme Court issued its decision denying defendant's postconviction motion. The People assert, and defendant does not dispute, that the delay in holding the evidentiary hearing was occasioned by the COVID-19 pandemic and the ensuing restrictions on court operations.
In response to Supreme Court's denial of his postconviction motion relative to his 1995 and 2009 convictions, defendant moved to vacate his 2019 conviction and dismiss the indictment pursuant to CPL 380.30 (1) — contending that his sentencing thereon failed to proceed "without unreasonable delay." Supreme Court denied defendant's motion and, on July 30, 2021, sentenced defendant to the agreed-upon prison term of 12 years to life. This appeal ensued.
Defendant contends that the nearly 25-month delay in sentencing upon his 2019 guilty plea was unreasonable and occasioned by prosecutorial neglect and, as such, dismissal of the indictment is required. Preliminarily, a CPL 380.30 (1) claim survives even a valid waiver of the right to appeal (see [*2]People v Campbell, 97 NY2d 532, 535 [2002]). As to the merits, CPL 380.30 (1) requires that a criminal defendant's sentence "must be pronounced without unreasonable delay," and the People's failure to comply with the statute will "result in a loss of jurisdiction over the defendant and dismissal of the accusatory instrument where [an] unreasonable delay is the result of judicial or prosecutorial negligence or mistake" (People v Reyes, 214 AD2d 233, 235 [1st Dept 1995], lv denied 87 NY2d 850 [1995]; see People v Drake, 61 NY2d 359, 364 [1984]). In this regard, the People bear the burden of proceeding with sentencing (see People v Reyes, 214 AD2d at 235); indeed, "[a] defendant has no duty to demand sentence and the question of retention or loss of jurisdiction should not depend on activity or nonactivity of the defendant" (People v Morillo, 94 AD3d 909, 912 [2d Dept 2012] [internal quotation marks, brackets and citation omitted], lv denied 19 NY3d 964 [2012]; see People v Drake, 61 NY2d at 367; People v Davis, 29 AD3d 814, 816 [2d Dept 2006]). Moreover, a defendant need not demonstrate prejudice, as "the New York rule assumes the defendant has been prejudiced by unreasonable delay" (People v Drake, 61 NY2d at 367; see People v Reyes, 214 AD2d at 235).
That said, "the passage of time standing alone does not bar imposition of sentence or require a defendant's discharge" (People v Drake, 61 NY2d at 365), and "[o]nly delays that are inexcusable and unduly long violate the statutory directive" (People v Tredeau, 117 AD3d 1344, 1345 [3d Dept 2014]). A delay occasioned "by legal proceedings or other conduct of the defendant [that] frustrates the entry of judgment" is excusable (People v Drake, 61 NY2d at 366; see People v Arroyo, 22 AD3d 881, 882 [3d Dept 2005], lv denied 6 NY3d 773 [2006]; People v Reyes, 214 AD2d at 235). "When there has been an extended delay and there are plausible reasons for it, the various factors involved must be balanced," including "the length of and the reasons for the delay, with the latter factor being the more critical" (People v Reyes, 214 AD2d at 235; see People v Drake, 61 NY2d at 366-367). Notably, "the courts have recognized that because delays are often unavoidable, vacatur of the conviction and dismissal of the accusatory instrument is to be applied to extremely long and unreasonable delays only" (People v Arroyo, 22 AD3d at 882 [internal quotation marks and citations omitted]).
Here, although the nearly 25-month delay in sentencing defendant was not insubstantial, even discounting the effect of the various judicial reassignments of this matter, the People nonetheless offered plausible excuses for the delay. As a starting point, although defendant admittedly did not acquiesce to an indefinite delay of sentencing, he did consent to the initial adjournment of sentencing — without a specific return date — pending resolution of his postconviction motion challenging his 1995 and 2009 violent felony convictions (cf. People [*3]v Ball, 68 AD3d 1148, 1149 [3d Dept 2009]). To the extent that defendant now argues that adjournment of sentencing pending resolution of such motion was unnecessary, inasmuch as said motion potentially impacted defendant's status as a predicate violent felony offender and, in turn, could have affected the sentence to be imposed upon his 2019 conviction, adjournment of sentencing under those circumstances was not an improvident exercise of the court's discretion (see People v Seguin, 306 AD2d 179, 179-180 [1st Dept 2003], lv denied 100 NY2d 598 [2003]).
Additionally, not long after defendant's postconviction motion was fully submitted at the end of December 2019, the COVID-19 pandemic struck — resulting in a series of executive orders suspending "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by" the CPL (Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]). This toll was extended through several subsequent executive orders — with the exception of its applicability to certain provisions of the CPL not at issue here (see Executive Order [A. Cuomo] No. 202.87 [9 NYCRR 8.202.87]) — until May 27, 2021 (see Executive Order [A. Cuomo] No. 202.105 [9 NYCRR 8.202.105]). In conjunction therewith, the then Chief Administrative Judge issued Administrative Order 78/20 on March 22, 2020 that, among other things, limited court operations to "essential matters," which did not expressly include sentencing proceedings. As the People note, the evidentiary hearing on defendant's postconviction motion was held on May 11, 2021, a written decision was issued on July 19, 2021 and defendant was sentenced in this matter on July 30, 2021.
This Court previously has acknowledged that a 10-month delay in sentencing occasioned by the Probation Department's inability to timely prepare a presentence investigation report in the wake of Hurricane Sandy did not warrant vacatur of the defendant's conviction and dismissal of the underlying indictment (see People v Tredeau, 117 AD3d at 1345). If a natural disaster qualifies as a plausible reason for a delay in sentencing a defendant, a global pandemic and the resulting documented restrictions on court operations surely constitute legitimate reasons for the delay at issue here — particularly when combined with the fact that defendant consented to the adjournment of sentencing, without a defined return date, and that it was defendant's pursuit of postconviction relief that prompted the adjournment of sentencing in the first instance. For all of these reasons, the resulting delay in sentencing here was not unreasonable, nor was it the product of prosecutorial neglect, and, as such, the judgment of conviction is affirmed.[FN2]
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's prior violent felony convictions in 1995 and 2009 are set forth in and are the subject of a related appeal (People v Murphy, ___ AD3d ___ [3d Dept 2023] [decided herewith]).

Footnote 2: To the extent that defendant argues that the People intentionally delayed sentencing by failing to file the requisite predicate violent felony offender statement, this argument is misplaced, as the People are only required to file such statement "before sentence is imposed" (CPL 400.15 [2]; see 400.16 [2]). Accordingly, the People may — and often do — file such statement at the start of the sentencing proceeding.