■ In the Matter of LAWRENCE EPPS, Appellant, v DONNA HUNT, as Inmate Records Coordinator of Shawangunk Correctional Facility, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 13, 1989 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition on the ground of res judicata.

Petitioner was convicted, sentenced and incarcerated in New York in 1977. He then was extradited to Georgia, where he was convicted of numerous crimes relating to an earlier escape. Georgia authorities returned petitioner to New York to complete his New York sentences and filed commitment detainers, which petitioner concedes were valid, so that petitioner would be sent to Georgia upon completion of his New York commitment. In 1981, petitioner was unsuccessful in a CPLR article 78 proceeding to vacate the commitment detainers and no appeal was perfected. Thereafter, Georgia Superior Court modified petitioner's Georgia sentence in a minor respect and Georgia officials reiterated to New York officials their desire to assume custody of petitioner when his New York sentences were concluded.

Petitioner then requested respondent to vacate the Georgia detainers because of the modification of his Georgia sentence. Petitioner was advised that only the issuing authority could lift a commitment detainer. Petitioner then commenced this CPLR article 78 proceeding to vacate the detainers. Respondent moved to dismiss and Supreme Court, finding that the proceeding was barred by the unsuccessful 1981 proceeding, granted the motion. This appeal followed.

Even if the relief requested is not barred by petitioner's unsuccessful 1981 CPLR article 78 proceeding seeking the same result, we affirm the judgment dismissing the petition. New York courts have no authority to dismiss out-of-State detainers except when the Interstate Agreement on Detainers (see, CPL 580.20) is violated (see, Matter of Beauchene v Coughlin, 122 AD2d 303, 304). This agreement applies only to detainers based on an untried indictment, information or complaint (see, People ex rel. Capalongo v Howard, 87 AD2d 242, 244; see also, Carchman v Nash, 473 US 716, 727). The detainers issued by Georgia in this case relate to convictions and unserved prison sentences and are not based on any untried indictment, information or complaint so that the Interstate Agreement on Detainers does not apply (see, People v Randolph, 85 Misc 2d 1022, 1024-1025). Accordingly, there is no authority for the courts of this State to vacate the Georgia detainers and respondent's motion to dismiss was properly granted.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.