■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILDA BAEZ, Appellant. [628 NYS2d 642] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 18, 1993, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing her to a term of 5 years to life, unanimously affirmed.

Defendant's claim that the court failed to exercise its sentencing discretion because, pursuant to a cooperation agreement, the prosecutor had the sole power to determine the value of defendant's cooperation, and thus the sentence to be imposed, is unpreserved for appellate review as a matter of law, and we decline to review it in the interest of justice. If we were to review it, we would find it to be without merit since, in fact, the court imposed a lesser sentence than that recommended by the prosecutor. The 19-month period between defendant's initial plea of guilty and imposition of sentence was not an unreasonable delay in violation of CPL 380.30 (1), having been caused by the need to give defendant an opportunity to fulfill the cooperation agreement (*see*, *People v Drake*, 61 NY2d 359, 365-367). Contrary to defendant's contention, the record of the sentencing proceeding shows that she herself was given ample opportunity to address the court before it imposed sentence in accordance with CPL 380.50 (1). The sentence was not excessive. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.