■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN PETERSON, Appellant. [695 NYS2d 550] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered February 14, 1997, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years; and order, same court and Justice, entered on or about November 26, 1997, denying defendant's motion to vacate the judgment and set aside the sentence pursuant to CPL 440.10 and 440.20, unanimously affirmed.

Defendant, who is currently on parole, claims he was deprived of his right to be sentenced without unreasonable delay pursuant to CPL 380.30 (1). Accordingly, he alleges, the court lost jurisdiction over him, mandating dismissal of the indictment (*People v Drake*, 61 NY2d 359, 362). However, his argument is unavailing because the sentence was *imposed* in a timely fashion, although not implemented promptly and efficiently.

The procedural history of the case is discussed in more detail in the opinion of the United States District Court that granted defendant's habeas corpus petition (*Peterson v Lacy*, 1998 US Dist LEXIS 19599, 1998 WL 883302 [SD NY, Dec. 17, 1998, Patterson, J.]). Defendant pleaded guilty in April 1994 and was originally sentenced in June 1994. The Sentencing Judge advised him that insofar as it was within her power, she would make the sentence run concurrently with any sentence he would receive for violating the terms of his Federal parole. The court made clear that, if the Federal authorities or the New York State authorities did not make the sentences concurrent, it would not invalidate defendant's plea. The court ordered that he be released to Federal custody so that he could be sentenced for his parole violation.

However, the court's order was not followed and he was transferred to the State correctional authorities. Defendant was resentenced on July 12, 1994, and again the Judge directed that he be released to Federal custody. Again, this was not

done, and defendant was transferred to State prison to begin serving his 3½ to 7 year sentence.

Defendant moved to vacate this sentence on the grounds that it was not concurrent with the Federal sentence (because the Federal sentence had not yet been imposed). The motion was granted on October 24, 1994. Defendant was finally transferred to Federal custody and sentenced to three years imprisonment on January 4, 1995. In September 1995, defendant, who was serving his Federal sentence, requested that he be returned to State court for resentencing so that the sentences could run concurrently. Erroneously, when the State prosecutor lodged a detainer with the Federal prison authorities, he asked for defendant to be returned only *after* he had served his Federal term.

Defendant made several motions in State court for an order dismissing the indictment for loss of jurisdiction and on speedy trial grounds. The IAS Court denied these motions, but observed that defendant would not be prejudiced because he would receive credit towards his State sentence for the time he served in Federal prison.

In January 1997 defendant completed serving his Federal sentence. His State sentence was reimposed on February 14, 1997. It was ordered that the sentence run "concurrently" with the Federal sentence, but this was technically not possible because he had already served his Federal sentence. Defendant made a CPL 440.10 motion to vacate the February 1997 judgment, alleging that the sentence violated the Interstate Agreement on Detainers and that the State Department of Correctional Services refused to credit his Federal prison time against his State sentence. By order dated November 26, 1997, the IAS Court denied this motion on the grounds that the court's prior order had already found the Interstate Agreement argument meritless, and that defendant's request for credit towards his State sentence could not be raised in a CPL 440.10 motion.

Defense counsel subsequently moved for an amended sentence, with the People's consent. On December 8, 1998, the IAS Court issued an amended sentence and commitment order stating that defendant's State sentence should not only be concurrent with the Federal one, but that it should run *nunc pro tunc* as of January 4, 1995, and be credited with the period served in Federal prison.

Meanwhile, defendant had filed a writ of habeas corpus in Federal court on the grounds that his State custody, which had extended beyond the time he should have received his condi-

tional release, was unconstitutional. The District Court agreed that defendant was entitled to an earlier conditional release date based on the original sentence date, rather than on the later resentencing date that was necessitated by State and Federal authorities' errors. The court ordered that defendant be released on parole (*Peterson v Lacy, supra*, 1998 US Dist LEXIS 19599, 1998 WL 883302 [SD NY]). Defendant was released on December 16, 1998.

The IAS Court properly ruled that defendant's rights under the Interstate Agreement on Detainers were not violated. That statute, codified at CPL 580.20, only applies to "untried" charges. It is inapplicable where, as here, a defendant has been convicted but not yet sentenced (*People v Nosek*, 236 AD2d 892, 893, *lv denied* 91 NY2d 877).

Nor should the indictment be dismissed on the grounds of unreasonable delay in sentencing. Where there is an extended delay, but plausible reasons are offered to explain it, the court must balance the various factors involved to determine whether dismissal is warranted (*People v Drake, supra*, 61 NY2d, at 366-367). As noted above, the IAS Court promptly imposed a valid sentence on defendant in June 1994, only two months after he pleaded guilty. At that time, the IAS Court cautioned that it was not entirely within the court's power to ensure concurrent sentences. The court subsequently made diligent and persistent attempts to effectuate the terms of the plea bargain by vacating and reissuing the sentence several times at defendant's request and repeatedly directing the correctional authorities to cooperate. Thus, the delay in resentencing was excusable, and, as noted, there was no delay in imposing the original sentence, which was a legal one.

The fact that the confusion over sentencing caused defendant to remain incarcerated eight months beyond his "good behavior" conditional release date does not amount to cruel and unusual punishment, as he was not incarcerated beyond the maximum term of his statutorily valid $3\frac{1}{2}$ to 7 year sentence (*see, People v Jones*, 39 NY2d 694, 697). Additionally, we note that since defendant is currently at liberty, any further relief this Court could grant him would be academic, with respect to the loss of the eight months. There is no legal basis for dismissal of the indictment as "compensation" for the eight-month delay of defendant's release. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.