97 N.Y.2d 532 (2002)
769 N.E.2d 1288
743 N.Y.S.2d 396
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
KEITH CAMPBELL, Also Known as LEROY MILLER, Appellant.
Court of Appeals of the State of New York.
Argued March 14, 2002.
Decided April 30, 2002.
*533 Lynn W.L. Fahey, New York City, for appellant.
Richard A. Brown, District Attorney, Kew Gardens (Donna Aldea, John M. Castellano and Johnnette Traill of counsel), for respondent.
Chief Judge KAYE and Judges SMITH, LEVINE, CIPARICK, WESLEY and ROSENBLATT concur with Judge GRAFFEO; Judge ROSENBLATT concurs in a separate concurring opinion.

OPINION OF THE COURT
GRAFFEO, J.
In this appeal we consider whether a general waiver of the right to appeal secured in conjunction with the entry of a negotiated plea of guilty encompasses a claim of unreasonable delay in imposing sentence under CPL 380.30 (1). We hold that a claim of unreasonable delay in sentencing does not fall within the ambit of the waiver as it challenges the legality of the sentence.
On March 1, 1995 defendant entered a guilty plea to two counts of attempted criminal sale of a controlled substance in the third degree. The plea colloquy included a comprehensive exchange between the Judge and defendant concerning the waiver of defendant's right to appealwhich was part of the bargained-for plea agreementand defendant executed written waivers. Defendant failed to appear for sentencing the following month, but was returned to Supreme Court on bench *534 warrants in April 1997, after being paroled on another offense. Defendant then moved to vacate his guilty plea and dismiss the indictments pursuant to CPL 380.30 (1), arguing that the court lost jurisdiction to sentence him because of this two-year delay.
In denying defendant's motion on the merits, Supreme Court described in detail defendant's conduct in the criminal justice system over the prior seven years, including missed court appearances that led to the issuance of numerous bench warrants, and his use of four aliases in various arrests. The court also found that defendant used nine different dates of birth, five inconsistent places of birth and, as a result, had been issued four different "NYSID" numbers by law enforcement authorities, all of which prevented the trial courts from obtaining defendant's complete criminal history. The court concluded that any delay in sentencing was not the result of judicial or prosecutorial negligence, but rather "occurred solely and as a direct result of defendant's conduct" in an intentional effort to "beat the system."
Defendant appealed and the Appellate Division held that defendant's knowing, voluntary and intelligent waivers of his right to appeal foreclosed "his claim that the Supreme Court erred in denying his motion to dismiss the indictments based on an unreasonable delay in sentencing" (281 AD2d 488, 489 [2d Dept 2001]).[*] The Appellate Division did not address the finding below that the delay was entirely attributable to defendant. A Judge of this Court granted defendant leave to appeal.
CPL 380.30 (1) provides that a "[s]entence must be pronounced without unreasonable delay." This Court has held that if a long and unexplained sentencing delay is the product of judicial or prosecutorial negligence or mistakeas opposed to defendant's own conductthe indictment must be dismissed (see People v Drake, 61 NY2d 359, 366-367 [1984]; Matter of Weinstein v Haft, 60 NY2d 625, 627 [1983]). In this case, defendant argues that, notwithstanding his guilty plea and general waiver of his right to appeal, he is entitled to seek appellate review of Supreme Court's order denying his motion to dismiss under CPL 380.30. He asserts that a delayed sentencing claim *535 is within the exceptions to the general rule upholding waivers of the right to appeal.
In People v Seaberg (74 NY2d 1, 10 [1989]), this Court determined that "the public interest concerns underlying plea bargains generally are served by enforcing waivers of the right to appeal," provided that the waiver is voluntarily made and no public policies or societal concerns are implicated. Seaberg did not, however, exclude the possibility that, in certain specific circumstances, a defendant's appellate claim could be reviewed. In fact, the Court recognized three categories of claims which affect the fundamental fairness of the process and society's interest in maintaining the integrity of criminal proceedings, and therefore cannot be waived. These include the constitutionally protected right to a speedy trial, challenges to the legality of court-imposed sentences and questions as to a defendant's competency to stand trial (see id. at 9; see also People v Callahan, 80 NY2d 273, 280 [1992]; People v Francabandera, 33 NY2d 429, 434 n 2 [1974]).
In Callahan, we held that the exception for challenges to the legality of the sentence addresses "the power of the court to impose the * * * sentence it chose" (80 NY2d at 281). A meritorious undue delay claim under CPL 380.30 (1) affects the legality of sentence where the delay is shown to be unreasonable due to judicial or prosecutorial negligence. Thus, a CPL 380.30 (1) claim will survive a defendant's general waiver of the right to appeal and the fact-finding determination of the hearing court should be reviewed upon appeal.
Here, our recognition that a CPL 380.30 (1) claim survives a general waiver of appeal, requiring appellate examination of whether the sentencing court retained jurisdiction to sentence defendant, should not be construed as impeding the Appellate Division in this case from affirming Supreme Court's factual determinations, which found the delay was due solely to defendant's intentional misrepresentations and conduct. Nor do we countenance the type of behavior deemed reprehensible by Supreme Court. Our decision instead turns on our conclusion that the societal interest in preserving the integrity and legality in the imposition of sentences mandates a factual review of such claims by the Appellate Division. This the Appellate Division needs to do.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.
*536 ROSENBLATT, J. (concurring).
I write separately to explainwhy I concur in the Court's opinion.
In Supreme Court, defendant moved unsuccessfully to dismiss the indictment, based on his claim that the court delayed unreasonably in sentencing him. As this Court points out, defendant used four aliases, nine different dates of birth, five inconsistent places of birth and was the subject of four different NYSID numbers, along with numerous bench warrants. Considering that defendant's evasiveness prevented the court from sentencing him promptly, his claim of unreasonable delay elevates "chutzpah" to new heights.
Surely this was not lost on the Appellate Division. Had defendant's evasiveness been the basis for that Court's decision, the prosecutor could plausibly argue here that defendant waived any right to appeal a self-created delay in sentencing. The Appellate Division, however, did not allude to the facts, but cited People v Espinal (277 AD2d 464 [2000]) and People v Jones (255 AD2d 456 [1998]) for the blanket proposition that by general waiver, defendants are flatly foreclosed from ever appealing on the basis of an impermissible delay in sentencing (see People v Campbell, 281 AD2d 488, 489 [2001]).
I agree with my colleagues that such total foreclosure of appeals would improperly bar defendants from seeking judicial review of impermissibly-delayed sentences (i.e., delays that are unforeseeable and not the fault of the defendant). A defendant who pleads guilty and waives the right to appeal should not be barred from seeking appellate review of a delayed-sentence claim where (unlike here) the defendant did not cause and could not anticipate the delay.
This Court has remitted the matter to the Appellate Division with the proviso that our decision "should not be construed as impeding the Appellate Division in this case from affirming Supreme Court's factual determinations" (majority op at 535). Although this necessarily entails an extra step, it is surely an appropriate directive, aptly understated but entirely in accord with what the Appellate Division might well have thought, but did not say.
Order reversed, etc.
NOTES
[*] However, because the court found that defendant had been denied his right to counsel at sentencing, it modified the judgments by vacating the sentences and remitting the case to Supreme Court. The court subsequently sentenced defendant to two consecutive indeterminate prison terms of 6 to 12 years.