■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WANDA ARROYO, Appellant. [802 NYS2d 552]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 10, 2003, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with burglary in the second degree. On July 25, 2002, she pleaded guilty to this charge in satisfaction of seven other pending burglary charges. In addition, she waived her right to appeal and agreed to cooperate in the prosecution of her codefendant. Under the terms of the plea agreement, County Court agreed to sentence her as a second felony offender to no more than 10 years in prison, to be followed by a five-year period of postrelease supervision. Sentencing was scheduled for September 19, 2002. Defendant, however, was not sentenced until March 10, 2003 after she testified at the trial of her codefendant. At that time, County Court sentenced her to nine years in prison, to be followed by a five-year period of postrelease supervision. She now appeals.

Initially, we find no merit to defendant's claim that there was an unreasonable delay in her sentencing. Although CPL 380.30 (1) requires that a sentence be pronounced upon a defendant without unreasonable delay, a delay will be excused where it is attributable to legal proceedings or conduct of the defendant which accentuates the delay (*see People v Drake*, 61 NY2d 359, 366 [1984]). Moreover, the courts have recognized that because delays are often unavoidable, vacatur of the conviction and dismissal of the accusatory instrument is " 'to be applied to extremely long and unreasonable delays only' " (*People v Turner*, 222 AD2d 206, 207 [1995], *lv denied* 88 NY2d 855 [1996], quoting *People ex rel. Harty v Fay*, 10 NY2d 374, 379 [1961]). Here, although the reason for the six-month delay in sentencing defendant was not discussed during the sentencing proceedings, it appears to have been attributable to legal proceedings involving defendant's codefendant in which she participated pursuant to the terms of the plea agreement and provided useful testimony. In view of this and because the delay was not inordinate, we find no violation of CPL 380.30 (1). Inasmuch as the record reveals that defendant entered a knowing, voluntary and intelligent plea and waiver of the right of appeal, we decline to review her contention that the sentence imposed was harsh and excessive (*see People v Clow*, 10 AD3d 803, 804 [2004]).

Crew III, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.