■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMELLE WATSON, Appellant. [876 NYS2d 786]—

Appeal from a judgment of the County Court of Columbia

County (Nichols, J.), rendered September 25, 2007, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

Defendant pleaded guilty to a two-count indictment charging him with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, as well as a superior court information charging him with attempted assault in the first degree. Under the terms of the plea bargain, the prosecution and defense counsel agreed to a joint sentencing recommendation providing that defendant would be sentenced to an aggregate prison term of 10 years, to be followed by five years of postrelease supervision. In addition, defendant waived his right to appeal. County Court deviated from the joint sentencing recommendation and sentenced defendant as a predicate felony offender to an aggregate prison term of 18 years, to be followed by five years of postrelease supervision. Defendant now appeals.

Initially, we note that although defendant waived his right to appeal as part of the plea bargain, the People concede that the waiver included an exception that would permit review of the claims now advanced before us. Specifically, the written waiver provided, as relevant here, that defendant has "the right to appeal the sentence to be imposed should it be harsher than the sentence the District Attorney and I negotiated and jointly recommended." Inasmuch as defendant's arguments implicate only the exception to his waiver of the right to appeal, we address the substance of defendant's claims.

Preliminarily, we note that defendant's contention that he was denied the effective assistance of counsel is unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Johnson, 54 AD3d 1133, 1134 [2008]; People v Farrington, 51 AD3d 1221, 1222 [2008], lv denied 11 NY3d 736 [2008]). Nevertheless, even if we were to consider it, we would find it to be without merit. Defendant's claim that his attorney failed to adequately investigate his mental health history concerns matters outside the record and is more properly the subject of a CPL article 440 motion (see People v Dobrouch, 59 AD3d 781, 781 [2009]; People v Sterling, 57 AD3d 1110, 1113 [2008]). Moreover, the record belies defendant's assertion that his counsel failed to zealously advocate for imposition of the joint sentencing recommendation as it discloses that defense counsel made a cogent argument to County Court, but that the court chose to impose a greater

sentence due to defendant's failure to accept responsibility for his actions. Under these circumstances, we do not find that defendant was denied meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Likewise, we find no merit to defendant's claim that his sentence is harsh and excessive. County Court was not bound to follow the joint sentencing recommendation (*see People v Mills*, 17 AD3d 712, 713 [2005], *lv denied* 5 NY3d 766 [2005]), and the court made defendant aware of this fact during the plea proceedings, also informing him of the maximum potential prison exposure. Notably, the presentence investigation report discloses that defendant has a lengthy criminal record and that he blamed the incident in which he tried to assault his wife on others' interference in their relationship. Under these circumstances, we do not find that there exists either an abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Carter*, 40 AD3d 1211, 1213 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Sieber*, 26 AD3d 535, 536 [2006], *lv denied* 6 NY3d 853 [2006]).

Cardona, P.J., Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.