■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN J. BALL, Appellant. [889 NYS2d 745]—

Lahtinen, J.

Defendant pleaded guilty to one count of burglary in the third degree in September 2007. He was also facing a federal prison term and, at his request, County Court agreed to delay sentencing until such had been served. A detainer warrant was then issued to ensure defendant's return to New York. Defendant thereafter requested that he be returned to County Court for sentencing, and he was sentenced in May 2008 as a second felony offender to a prison term of 2 to 4 years. Defendant appeals and we affirm.

Initially, defendant claims that the delay in sentencing violated the Interstate Agreement on Detainers Act (see 18 USC Appendix 2; CPL 580.20), which provides that a defendant imprisoned elsewhere must be returned to New York and brought to trial within 180 days of his or her request for a final disposition of "any untried indictment, information, or complaint on the basis of which a detainer has been lodged" (18 USC Appendix 2, § 2, art III [a]; CPL 580.20, art III [a]). Defendant was not untried given his guilty plea, however, and CPL 580.20 is

inapplicable "where guilt has been established and defendant is awaiting sentencing" (*People v Nosek*, 236 AD2d 892, 893 [1997], *lv denied* 91 NY2d 877 [1997]; *see People v Peterson*, 264 AD2d 574, 576 [1999], *lv denied* 94 NY2d 865 [1999], *cert denied* 531 US 831 [2000]; *Matter of Epps v Hunt*, 167 AD2d 789, 790 [1990]).

Nor was the delay in sentencing otherwise unreasonable. "Although CPL 380.30 (1) requires that a sentence be pronounced upon a defendant without unreasonable delay, a delay will be excused where it is attributable to legal proceedings or conduct of the defendant which accentuates the delay" (*People v Arroyo*, 22 AD3d 881, 882 [2005], *lv denied* 6 NY3d 773 [2006] [citation omitted]; *see People v Campbell*, 97 NY2d 532, 534 [2002]). County Court was prepared to sentence defendant when he entered his guilty plea, but defendant requested a delay in sentencing because he "wanted to serve the federal sentence first." Although defendant later asked to be sentenced in November 2007, such was based upon his incorrect belief that he would be released in the near future, and there is no question that he was sentenced less than a month after his actual release from federal custody. In short, we view any delay in sentencing, to the extent it was not entirely created by defendant's actions, as a reasonable one.

Cardona, P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.