■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. THOMPSON, Appellant. [912 NYS2d 457]—

Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 8, 2009, convicting defendant upon his plea of guilty of the crime of driving while intoxicated (two counts).

Defendant was charged in an indictment with two counts of driving while intoxicated after he sustained injuries in a one-car accident that occurred when he lost control of his vehicle and went off the road. He pleaded guilty to the charges and waived his right to appeal. No promises were made with respect to sentencing, but both the District Attorney and defense counsel jointly recommended that defendant serve a five-year term of probation. County Court, however, refused to adopt the joint sentencing recommendation and sentenced defendant to concurrent prison terms of 1 to 2 years and 1 to 3 years. The court further advised defendant that, because it had varied from the joint sentencing recommendation, defendant could appeal that issue. Defendant appeals.

Defendant argues that the sentence is harsh and excessive, particularly considering his remorsefulness and his willingness to participate in treatment programs. We disagree. Initially, we note that County Court was not bound to follow the joint sentencing recommendation as it did not make a commitment

to do so and, during the plea proceedings, advised defendant that he could receive up to four years in prison (*see People v Watson*, 61 AD3d 1217, 1219 [2009], *lv denied* 12 NY3d 930 [2009]; *People v Nichols*, 272 AD2d 641 [2000]). County Court actually imposed a lesser term of imprisonment having an aggregate of 1 to 3 years. "[I]t is well settled that a sentence within the statutory parameters will not be disturbed absent extraordinary circumstances warranting modification" (*People v Jones*, 286 AD2d 785, 786 [2001]; *see People v Nichols*, 272 AD2d at 641). Here, the sentence was well within the statutory guidelines for a class E felony (*see* Penal Law § 70.00 [2] [e]; [3] [b]). Moreover, in sentencing him to a term of incarceration, County Court considered defendant's lengthy criminal record, which included prior alcohol-related convictions, as well as the fact that he was on probation at the time of the incident in question. Consequently, we do not find that extraordinary circumstances exist warranting modification of the sentence or that County Court abused its discretion (*see People v Hope*, 274 AD2d 673, 674 [2000], *lv denied* 95 NY2d 890 [2000]).

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.