■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. O'CONNELL, Appellant. [915 NYS2d 698]—

Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered September 23, 2009, convicting defendant upon his plea of guilty of the crimes of rape in the third degree and endangering the welfare of a child.

Defendant waived indictment and pleaded guilty to the crimes of rape in the third degree and endangering the welfare of a child as charged in a superior court information. The People and defendant agreed to a joint recommendation that defendant would be sentenced to two years in prison on the rape charge, to be followed by five years of postrelease supervision. County Court, however, did not make a commitment to be bound by the joint recommendation. In addition, defendant waived his right to appeal, but preserved his right to appeal from a sentence greater than the joint recommendation. County Court did not follow the joint recommendation and sentenced defendant to 2½ years in prison, followed by 10 years of postrelease supervision, for rape in the third degree, and one year in jail for endangering the welfare of a child, to run concurrently. Defendant appeals.

Initially, we note that defendant's challenge to the severity of the sentence was not encompassed by his waiver of appeal and, therefore, is not precluded thereby (*compare People v Clements*, 74 AD3d 1636 [2010]). Although he claims that County Court improperly enhanced his sentence beyond the joint recommendation, we find this claim to be unavailing considering that County Court was not bound to impose the sentence that was jointly recommended and advised defendant of the maximum potential prison exposure (*see People v Watson*, 61 AD3d 1217, 1219 [2009], *lv denied* 12 NY3d 930 [2009]). While the court could have explained in more detail that it was not bound by

the plea agreement reached with the People, the comments of defendant's counsel during the plea colloquy lead us to believe that defendant was aware that the court would not be so bound. Furthermore, the record does not reveal any abuse of discretion nor the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Meiner*, 20 AD3d 778 [2005]). Therefore, we decline to disturb the judgment of conviction.

Cardona, P.J., Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.