■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. DANIELS, Appellant. [932 NYS2d 735]—

In satisfaction of a three-count indictment, defendant pleaded guilty to driving while intoxicated. Under the terms of the plea agreement, defendant was given the option of participating in Chemung County Drug Court, which would result in a sentence of five years of probation if he successfully completed it or a prison term of 2 to 6 years if he did not successfully complete it. Alternatively, defendant could elect not to participate in Drug

Court and be sentenced to 1 to 3 years in prison. Defendant chose to participate in Drug Court, but was later deemed ineligible because he did not reside within Chemung County. He subsequently indicated his desire to withdraw his guilty plea, but ultimately agreed to be sentenced to 1 to 3 years in prison, the alternative option proposed under the plea agreement. He now appeals.

We affirm. We are unpersuaded by defendant's claim that the sentence is harsh and excessive. Defendant has a long record of similar alcohol-related convictions and has exhibited that he is in total denial of his substance abuse problems. In view of this, and given that defendant agreed to the sentence imposed as an alternative to participation in Drug Court, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Galagan*, 85 AD3d 1490, 1491 [2011]; *People v Thompson*, 79 AD3d 1457, 1458 [2010]; *People v Potter*, 54 AD3d 444, 445 [2008]).

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.