Peters, EJ.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered January 3, 2012, convicting defendant upon his plea of guilty of the crime of assault in the first degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the first degree stemming from an incident in which the victim was beaten with an air rifle. No promises were made with respect to sentencing, although the People and defense counsel jointly recommended that defendant would be sentenced to eight years in prison followed by five years of post-release supervision.[1] Defendant waived his right to appeal, but preserved his right to appeal if he received a sentence greater than the joint recommendation. County Court departed from the joint recommendation and sentenced defendant, as a second felony offender, to a prison term of 15 years followed by a five-year period of postrelease supervision. Defendant appeals.[2]
We find no merit to defendant’s contention that County Court failed to acquire personal jurisdiction over him. At his arraignment, defendant was present with counsel, who acknowledged receipt of the indictment, waived a reading of the indictment and entered a plea of not guilty on defendant’s behalf. Thus, the statutory requirements for a valid arraignment were met (see CPL 210.15 [1]; People v Oakley, 112 AD3d 1064, 1064 [2013], *1124 lv denied 22 NY3d 1140 [2014]; People v Buckner, 274 AD2d 832, 833 [2000], lv denied 95 NY2d 904 [2000]).
Defendant’s assertion that he was denied the effective assistance of counsel does not implicate the voluntariness of his plea and, therefore, is foreclosed by his valid waiver of the right to appeal (see People v Jean-Francois, 82 AD3d 1366, 1367 [2011], lv denied 17 NY3d 797 [2011]; People v Morales, 68 AD3d 1356, 1357 [2009], lv denied 14 NY3d 803 [2010]; People v Cipriani, 61 AD3d 1214, 1216 [2009], lv denied 13 NY3d 795 [2009]). Defendant also contends that the 11-month delay in sentencing was unreasonable pursuant to CPL 380.30 (1). Although this claim is not barred by his appeal waiver (see People v Campbell, 97 NY2d 532, 534-535 [2002]), he failed to preserve the issue for our review by objecting in County Court or moving to dismiss the indictment on that ground (see People v Dissottle, 68 AD3d 1542, 1543 [2009], lv denied 14 NY3d 799 [2010]). In any event, the delay was reasonable and provides no basis for dismissal of the indictment, particularly given that it was almost exclusively attributable to defendant’s own adjournment requests (see People v Campbell, 97 NY2d at 533-534; People v Ball, 68 AD3d 1148, 1149 [2009]; People v Arroyo, 22 AD3d 881, 882 [2005], lv denied 6 NY3d 773 [2006]; People v Hicks, 226 AD2d 938, 941 [1996], lv denied 88 NY2d 937 [1996]).
Finally, although defendant’s challenge to the severity of his sentence is not precluded by his appeal waiver (see People v O’Connell, 80 AD3d 1007, 1007 [2011]; People v Garrand, 22 AD3d 959, 960 [2005], lv denied 6 NY3d 812 [2006]), we find no merit to his claim that it is harsh and excessive. County Court was not bound by the joint sentencing recommendation and repeatedly reminded defendant of this fact throughout the plea proceedings (see People v Thompson, 79 AD3d 1457, 1457-1458 [2010]; People v Watson, 61 AD3d 1217, 1219 [2009], lv denied 12 NY3d 930 [2009]; People v Santana, 284 AD2d 730, 731 [2001], lv denied 96 NY2d 924 [2001]). Given the violent nature of defendant’s crime, his lack of remorse and the fact that his sentence was well below the statutory maximum, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of his sentence in the interest of justice (see People v Hasenflue, 110 AD3d 1108, 1109 [2013], lv denied 22 NY3d 1199 [2014]; People v Brunson, 68 AD3d 1551, 1557 [2009], lv denied 15 NY3d 748 [2010]; People v Watson, 61 AD3d at 1219; People v Smith, 288 AD2d 693, 693 [2001], lv denied 97 NY2d 761 [2002]).
Stein, McCarthy and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.

. Although the parties initially agreed to a joint recommendation of five years in prison, subsequent information came to light that resulted in a joint recommendation of eight years in prison.

. While defendant’s notice of appeal incorrectly states the date upon which the judgment of conviction was rendered, we exercise our discretion to disregard this misstatement and treat the notice as valid (see CPL 460.10 [6]; People v Pimentel, 108 AD3d 861, 864 n 2 [2013], lv denied 21 NY3d 1076 [2013]).