◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELGA INGVARSDOTTIR, Appellant. [987 NYS2d 460]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered April 23, 2013, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, she was not deprived of the effective assistance of counsel during the plea proceeding, as her attorney provided her with meaningful representation (*see People v Ford*, 86 NY2d 397 [1995]).

Furthermore, the Supreme Court properly denied the defendant's motion to dismiss the indictment insofar as asserted against her based on an approximate 28-month delay in the imposition of sentence. Courts are required to impose sentence "without unreasonable delay" (CPL 380.30 [1]). An unexplained lengthy delay between conviction and sentencing results in the loss of jurisdiction over the defendant unless the delay is the result of the defendant's own conduct (*see People v Drake*, 61 NY2d 359, 366 [1984]). Here, the delay in sentencing was due to legal proceedings involving the codefendant, in which the defendant participated pursuant to the terms of a cooperation agreement with the District Attorney's office. The defendant could not be sentenced until after the investigation and prosecution of the codefendant had concluded, since only then could the District Attorney's office fulfill its obligation of evaluating the sincerity and value of the defendant's cooperation (*see People v Arroyo*, 22 AD3d 881 [2005]; *People v Baez*, 216 AD2d 121 [1995]). Additionally, the record clearly demonstrates that a significant portion of the delay was attributable to the defendant, who kept requesting adjournments. The record also clearly demonstrates that the defendant was not prejudiced by the delay, since she was, at all times, at liberty prior to sentencing.

The defendant's remaining contentions are without merit. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.