Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    November 5, 2015          106862
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

AMANDA M. GILBERT,
                    Appellant.
_____


Calendar Date:   September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


        Susan Patnode, Rural Law Center of New York (Kelly L. Egan
of counsel), Albany, for appellant.

        Nicole M. Duve, Special Prosecutor, Ogdensburg, for
respondent.

                    _____


Peters, P.J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered April 29, 2014, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In March 2006, defendant pleaded guilty to two counts of
grand larceny in the fourth degree and was sentenced to five
years of probation.  A declaration of delinquency was
subsequently issued and, in March 2011, defendant admitted to
violating the terms of her probation with the understanding that
her probation would be revoked and that she would be resentenced
to concurrent nine-month terms of incarceration.  Resentencing
was twice adjourned at defendant's request, each time with a
warning from County Court that it would not be bound by the

agreed-upon sentence if defendant failed to comply with the terms of her release.  In August 2011, prior to the adjourned resentencing date, a uniform court report was submitted to County Court alleging that defendant violated the conditions of her release by, among other things, failing to report to her probation officer, and a bench warrant was issued for her arrest. Defendant thereafter failed to appear at the October 18, 2011 resentencing date and was not returned on the warrant until April 14, 2014, following her arrest on an unrelated matter.  On April 29, 2014, County Court revoked defendant's probation and resentenced her to two consecutive terms of 365 days in jail.

Defendant's sole contention on appeal is that the delay in resentencing was so unreasonable as to divest County Court of jurisdiction over her (see CPL 380.30 [1]).  However, defendant did not move to dismiss the declaration of delinquency on that ground, object to the delay or otherwise call into question County Court's jurisdiction to resentence her.  Accordingly, she failed to preserve the issue for our review (see People v Brooks, 118 AD3d 1123, 1124 [2014], lv denied 24 NY3d 959 [2014]; People v Dissottle, 68 AD3d 1542, 1543 [2009], lv denied 14 NY3d 799 [2010]; People v Cecere, 39 AD3d 557, 558 [2007], lv denied 9 NY3d 873 [2007]; People v Young, 283 AD2d 597, 597 [2001], lv denied 96 NY2d 909 [2001]).  In any event, "[o]nly delays that are inexcusable and unduly long violate the statutory directive" (People v Tredeau, 117 AD3d 1344, 1345 [2014]; see People ex rel. Harty v Fay, 10 NY2d 374, 379 [1961]; People v Arroyo, 22 AD3d 881, 882 [2005], lv denied 6 NY3d 773 [2006]).  Here, the delay was attributable to defendant's multiple adjournment requests, as well as her unlawful failure to appear on the adjourned resentencing date, and "the People do not have a duty to make efforts to apprehend an absconding defendant" absent evidence that they were actually aware of her whereabouts (People v Carter, 91 AD3d 967, 967 [2012], lv denied 18 NY3d 992 [2012]; see People v Reyes, 214 AD2d 233, 236 [1995], lv denied 87 NY2d 850 [1995]; People v Headley, 134 AD2d 519, 519 [1987], lv granted 72 NY2d 861 [1988], appeal dismissed 72 NY2d 931 [1988]). Thus, were we to consider the claim, we would find no violation of CPL 380.30.

McCarthy, Garry and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court