Egan Jr., J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 15, 2012, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal possession of a weapon in the third degree.
In December 2010, defendant pleaded guilty to burglary in the second degree and criminal possession of a weapon in the third degree in full satisfaction of a 12-count indictment and a superior court information. Pursuant to the plea agreement, defendant agreed to, and did, sign in open court a separate waiver of appeal for each of the crimes to which he pleaded *1100 guilty, admit at sentencing that he was a second felony offender and cooperate with the People in the prosecution of two codefendants. Following defendant’s plea, County Court remanded him to jail and scheduled sentencing for March 2011 to allow the People to bring the codefendants’ cases to trial.
In April 2011, defendant sought, by order to show cause, a release from custody pending the remaining prosecution of the second of defendant’s two codefendants. At that time, County Court was informed that defendant already had testified against the first of his two codefendants, that the trial of his second codefendant had not yet been scheduled and that defendant wanted to be sentenced as quickly as possible. County Court denied the request, noting defendant’s criminal history and that he would receive credit for time served. By letter dated October 4, 2012, defendant informed County Court that he had yet to be sentenced and requested that the court schedule a sentencing date and impose the negotiated sentence. On October 15, 2012, County Court sentenced defendant, as a second felony offender, to concurrent prison terms of seven years for the burglary in the second degree conviction and 2V2 to 5 years for the criminal possession of a weapon in the third degree conviction to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Initially, defendant contends that the delay in sentencing was so unreasonable as to divest County Court of jurisdiction over him (see CPL 380.30 [1]; People v Gilbert, 133 AD3d 928, 929 [2015]). Although defendant informed County Court of the delay in sentencing, defendant did not move to dismiss the indictment or superior court information upon that ground or otherwise call into question County Court’s jurisdiction to sentence him. Accordingly, although this claim is not barred by his appeal waiver (see People v Campbell, 97 NY2d 532, 534-535 [2002]; People v Brooks, 118 AD3d 1123, 1124 [2014], lv denied 24 NY3d 959 [2014]), defendant failed to preserve the issue for our review (see People v Gilbert, 133 AD3d at 929; People v Brooks, 118 AD3d at 1124; People v Dissottle, 68 AD3d 1542, 1543 [2009], lv denied 14 NY3d 799 [2010]). In any event, while “delays that are inexcusable and unduly long violate the statutory directive” (People v Tredeau, 117 AD3d 1344, 1345 [2014]; see People ex rel. Harty v Fay, 10 NY2d 374, 379 [1961]; People v Arroyo, 22 AD3d 881, 882 [2005], lv denied 6 NY3d 773 [2006]), “ ‘a delay will be excused where it is attributable to legal proceedings or conduct of the defendant which accentuates the delay’ ” (People v Ball, 68 AD3d 1148, 1149 [2009], quoting People v Arroyo, 22 AD3d at *1101 882; see People v Campbell, 97 NY2d at 534). Here, the approximately 18-month delay was attributable to ongoing legal proceedings involving the second of defendant’s two codefendants in which defendant was required to testify pursuant to the terms of the plea agreement (see People v Arroyo, 22 AD3d at 882; see also People v Ball, 68 AD3d at 1149). In addition, because the delay was not inexcusably inordinate, and because defendant is entitled to credit for time served prior to sentencing (see generally Penal Law § 70.30), were we to consider this claim, we would find no violation of CPL 380.30.
We also reject defendant’s contention that his waivers of the right to appeal were invalid. Even if there was an ambiguity in County Court’s discussion of defendant’s appeal waivers, such ambiguity was resolved by the detailed, written waivers that defendant executed in open court and by the express terms of the plea agreement — explained to, and acknowledged by, defendant on the record — which required defendant to, among other things, execute two separate appeal waivers (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Devault, 124 AD3d 1140, 1140 [2015], lv denied 25 NY3d 989 [2015]; People v Fling, 112 AD3d 1001, 1002 [2013], lv denied 23 NY3d 1020 [2014]; but cf. People v Rabideau, 130 AD3d 1094, 1095 [2015]). Given our conclusion that defendant validly waived his right to appeal, we are precluded from considering his claim that the sentence imposed was excessive (see People v Vellon, 128 AD3d 1274, 1275 [2015], lv denied 26 NY3d 1043 [2015]; People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]).
Peters, P.J., Garry, Rose and Clark, JJ., concur.
Ordered that the judgment is affirmed.