■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. LEADER, Appellant. [54 NYS3d 357]—Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 23, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the third degree (Penal Law § 140.20). Defendant contends that he was denied his right to be sentenced without an unreasonable delay in violation of CPL 380.30 (1) (*see People v Drake*, 61 NY2d 359, 364 [1984]). Even assuming, arguendo, that defendant preserved his contention for our review by objecting to the delay (*see People v Washington*, 121 AD3d 1583, 1583 [2014]), we conclude that it lacks merit. "[O]nly unexcusable or unduly long delays violate the statutory directive" (*People v Dissottle*, 68 AD3d 1542, 1543 [2009]; *see Drake*, 61 NY2d at 366) and, here, defendant was sentenced fewer than six months after he entered his guilty plea. The portion of that period attributable to defendant's grand jury testimony against a codefendant is excusable (*see People v Ingvarsdottir*, 118 AD3d 1023, 1024 [2014]), and another portion of that period was attributable to at least two adjournments requested by defense counsel (*see People v Brooks*, 118 AD3d 1123, 1124 [2014], *lv denied* 24 NY3d 959 [2014]). We reject defendant's further contention

that the sentence is unduly harsh and severe. Present— Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.