People v McCullen (2018 NY Slip Op 04486)





People v Mccullen


2018 NY Slip Op 04486


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


752 KA 17-00557

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PIERRE MCCULLEN, DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 17, 2017. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [4]). Although defendant's contention that the plea was not knowingly, intelligently and voluntarily entered survives his waiver of the right to appeal (see People v Gill, 149 AD3d 1597, 1597 [4th Dept 2017], lv denied 29 NY3d 1127 [2017]), defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (see People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]). In any event, defendant's contention lacks merit, because his assertion that he did not understand the nature of the plea or its consequences is belied by the record of the plea proceeding (see People v Manor, 121 AD3d 1581, 1582 [4th Dept 2014], affd 27 NY3d 1012 [2016]).
Defendant further contends that the approximately 18-month delay in sentencing him was unreasonable as a matter of law (see generally CPL 380.30 [1]), and that such delay requires vacatur of the judgment of conviction and dismissal of the indictment. Although defendant's contention survives his waiver of the right to appeal (see People v Campbell, 97 NY2d 532, 534-535 [2002]), defendant failed to preserve his contention for our review inasmuch as, when defendant appeared for sentencing, he made no objection or challenge to the proceeding (see People v Kerrick, 136 AD3d 1099, 1100 [3d Dept 2016]; People v Washington, 121 AD3d 1583, 1583 [4th Dept 2014]). In any event, we conclude that defendant's contention is without merit. The delay in sentencing defendant is excusable because it was attributable to ongoing legal proceedings involving his codefendants, in which defendant was required to cooperate pursuant to the terms of the plea agreement (see People v Ingvarsdottir, 118 AD3d 1023, 1024 [2d Dept 2014]; People v Arroyo, 22 AD3d 881, 882 [3d Dept 2005], lv denied 6 NY3d 773 [2006]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court