People v Vasquez (2019 NY Slip Op 00164)





People v Vasquez


2019 NY Slip Op 00164


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

108506

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
IRIS VASQUEZ, Also Known as TUTTI, BANGA and NE NE, Appellant.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Brian M. Callahan, Albany, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered May 9, 2016, convicting defendant upon her plea of guilty of, among other things, the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of a seven-count indictment and other pending charges and waived her right to appeal. County Court sentenced defendant to seven years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's contention that her plea was not knowing, intelligent and voluntary inasmuch as County Court failed to advise her that she would be giving up her constitutional privilege against self-incrimination by pleading guilty survives her appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [2016], lv denied 28 NY3d 1184 [2017]), but is unpreserved for our review as there is no indication in the record that she made an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Duvall, 157 AD3d 1060, 1060-1061 [2018], lv denied 31 NY3d 1081 [2018]; People v Bond, 146 AD3d at 1156). Further, defendant did not make any statements during the plea colloquy that cast doubt upon her guilt or otherwise called into question the voluntariness of her plea so as to trigger the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). In any event, County Court adequately advised defendant of the constitutional rights she was forfeiting by pleading guilty and she expressed her understanding thereof (see People v Haenelt, 161 AD3d 1489, 1490 [2018], lv denied 31 NY3d 1148 [2018]; People v Duvall, 157 AD3d at 1061).
Turning to defendant's pro se supplemental brief, her contention that there was an unreasonable delay in her sentencing pursuant to CPL 380.30 survives her appeal waiver (see People v Campbell, 97 NY2d 532, 534-535 [2002]), but is unpreserved for our review insofar as defendant did not object to the delay in County Court or move to dismiss the indictment on that ground (see People v Kerrick, 136 AD3d 1099, 1100 [2016]; People v Gilbert, 133 AD3d 928, 929 [2015]; People v Brooks, 118 AD3d 1123, 1124 [2014], lv denied 24 NY3d 959 [2014]). Defendant's claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of the plea, is also unpreserved in the apparent absence of an appropriate postallocution motion (see People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]; People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 NY3d 1149 [2018]). Defendant's challenge to a misdemeanor conviction for assault in the third degree, stemming from an altercation in jail while she was awaiting sentencing on this matter, is not subject to review on this appeal as her notice of appeal is specifically limited to her conviction for criminal possession of a weapon in the second degree (see People v Ferraro, 29 AD2d 595, 595 [1967], affd 24 NY2d 957 [1969]). Defendant's remaining arguments have been examined and found to be without merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.