People v Thomas (2020 NY Slip Op 07230)





People v Thomas


2020 NY Slip Op 07230


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-02114
 (Ind. No. 82/18)

[*1]The People of the State of New York, respondent,
v
Mark S. Thomas, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 18, 2019, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 256). Although the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Ramos, 164 AD3d 922), the record demonstrates that his plea was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel during the plea proceeding as his attorney provided meaningful representation (see People v Ford, 86 NY2d 397, 404; People v Ingvarsdottir, 118 AD3d 1023, 1024). Further, the defendant failed to demonstrate the absence of a strategic or other legitimate explanation for counsel's challenged conduct in permitting the defendant to waive his right to appeal as part of the plea agreement (see People v Miller, 161 AD3d 1579, 1580; People v Turck, 305 AD2d 1072, 1073).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court